FILED
United States Court of Appeals
Tenth Circuit

July 13, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

PAMELA OLSON,

     Plaintiff-Appellant,

v.

AT&T CORP.; RYLIE EQUIPMENT
AND CONTRACTING CO.; ALLEN
HARMON; CHRIS CARROLL;
BERNARD VAN DE VELDE;
VERONICA GAIGNAT ESTATE; CITY
OF LENEXA, KANSAS,

     Defendants-Appellees.

No. 11-3028

(D.C. No. 2:08-CV-02126-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff/appellant Pamela Olson appeals the district court's disposition of her claims against defendants AT&T Corporation (AT&T), Rylie Equipment and Contracting Co. (Rylie), Allen Harmon, Chris Carroll, Bernard Van de Velde, the Estate of Victoria Gaignat (the Estate), and the City of Lenexa, Kansas (the City). Olson also appeals the district court's order referring the case to a magistrate judge and alleges that the magistrate judge was biased against her. In her complaint, Olson alleged that the defendants deprived her of property without just compensation in violation of the Fifth Amendment to the United States Constitution and that AT&T trespassed upon her property in violation of Kansas law. The district court ruled on all of Olson's federal claims, dismissing her takings claims for lack of subject matter jurisdiction. Olson and AT&T then consented to proceed before a magistrate judge, and the magistrate judge granted summary judgment in AT&T's favor on Olson's state law trespass claim. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 636, we affirm.

I

Olson filed a complaint in the United States District Court for the District of Kansas, alleging that:

> A.T. and T did enter plaintiffs property without the legal right and bored underground lines making the property worthless to ever being built on. The City of Lenexa Ks told them they could do so without compensation. Veronica Gaitney and her brother gave permission illegally when they did not own the property in question and took monies illegally for same damages. Rylie Equipment took monies illegally for same damages. Rylie Equipment and Contracting did the damage and refused to move machinery - took property as if it was there own and bored numerous holes for lines

2

ROA, Vol. 1 at 29 (punctuation and spelling as in original). Olson sought $1,000,000 in actual damages and $4,000,000 in punitive damages. Id. at 30. With respect to administrative procedures, Olson alleged that she "talked to legal department of City of Lenexa and was told they could do with my land what the[y] wanted to." Id.

The district court construed Olson's complaint as an attempt to bring claims against all defendants for deprivation of property without just compensation in violation of the Fifth Amendment to the United States Constitution and a claim for trespass against AT&T under Kansas law. Olson did not object to the district court's construction of her claims or contend that she intended to bring state law claims against any defendant other than AT&T.

All defendants filed motions to dismiss. The district court dismissed Olson's takings claims for lack of subject matter jurisdiction. After the takings claims were dismissed, the parties agreed to proceed before a magistrate judge pursuant to Fed. R. Civ. P. 73(a), and the district court referred all further proceedings to Magistrate Judge Rushfelt. AT&T then filed a motion for summary judgment on Olson's state law claim, contending that it did not own the facilities on the property at issue in this matter. Magistrate Judge Rushfelt granted AT&T's motion.

## II

This court reviews de novo the district court's grant of a motion to dismiss for lack of subject matter jurisdiction and a motion for summary judgment, applying the same standards as the district court. Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir.

3

2008) (Fed. R. Civ. P. 12(b)(1)); Gwinn v. Awmiller, 354 F.3d 1211, 1215 (10th Cir. 2004) (Fed. R. Civ. P. 56). As Olson is a pro se litigant, we construe her pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, it is not the proper function of the district court or this court to assume the role of advocate for a pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III

*A. Olson's appeal and defendants' motion to strike*

AT&T, Carroll, Rylie, and Harmon moved to strike Olson's opening brief on appeal, arguing that Olson failed to identify the district court rulings from which she appeals and failed to cite any law in support of her contentions. While we agree with the defendants that it is difficult to determine exactly which rulings Olson intends to appeal from, we decline to strike Olson's brief. Liberally construing Olson's brief, we determine that Olson intends to appeal from the disposition of her claims and from the district court's order assigning the adjudication of Olson's trespass claim (the only claim remaining at that time) to a magistrate judge.[1] To the extent that Olson intends to appeal any other adverse rulings — such as the denials of her various motions for sanctions, default and summary judgment, reconsideration, and the recusal of the district judge — any such appeals plainly lack merit. We have reviewed the entire record in this case and conclude that the district court's rulings on matters not specifically discussed in this order

_____

[1] In her brief, Olson also moves for entry of default against the City because the City's attorney entered an appearance fifteen days after the appeal was docketed, rather than within fourteen days as required by 10th Cir. R. 46.1. Olson's motion is denied.

and judgment are thorough, well-reasoned, and substantially correct.

*B. Takings claims*

The district court dismissed Olson's takings claims for lack of subject matter jurisdiction because Olson failed to allege that she initiated an inverse condemnation proceeding prior to bringing her claims. We affirm on this basis.

The Fifth Amendment to the United States Constitution prohibits state actors from taking private property for public use without just compensation.[2] U.S. Const. amend. V. As the Supreme Court has explained:

> The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking.

Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson Cnty., 473 U.S. 172, 194 (1985) (internal citations and quotation omitted). Accordingly, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until [the property owner] has used the procedure and been denied just compensation." Id. at 195. One such procedure is an inverse condemnation action, in which a property owner brings a claim for compensation against the government entity that has taken the owner's property. If such a procedure is available, a plaintiff's Fifth Amendment takings claim is not ripe until she has invoked

---

[2] The Fifth Amendment applies to the states through the Fourteenth Amendment. Chicago, B. & Q. R. Co. v. City of Chicago, 166 U.S. 226, 241 (1897).

5

that procedure and been denied just compensation. <u>Miller v. Campbell Cnty.</u>, 945 F.2d 348, 352 (10th Cir. 1991). The federal courts lack jurisdiction over claims that are not ripe because such claims do not present justiciable cases or controversies. <u>See</u> <u>Alto Eldorado Psh'p v. Cnty. of Santa Fe</u>, 634 F.3d 1170, 1173 (10th Cir. 2011); <u>New Mexicans for Bill Richardson v. Gonzales</u>, 64 F.3d 1495, 1498-99 (10th Cir. 1995).

The district court properly concluded that it lacked subject matter jurisdiction over Olson's takings claims. A Kansas property owner may bring an inverse condemnation action to recover compensation for property that the government has taken. <u>See</u> <u>Estate of Kirkpatrick v. City of Olathe</u>, 215 P.3d 561, 559 (Kan. 2009). Thus, under <u>Williamson</u>, Olson was required to bring an inverse condemnation action prior to asserting a Fifth Amendment takings claim in federal court. Further, because the party invoking federal jurisdiction bears the burden of alleging facts sufficient to establish federal jurisdiction, <u>Butler</u>, 532 F.3d at 1110, Olson was required to allege that she brought such an action in order to establish that her claim was ripe. However, Olson has never asserted, in a complaint or elsewhere, that she brought an inverse condemnation action. Olson's allegation that she informally spoke with the City legal department is insufficient to establish that her takings claim is ripe.

## C. Trespass claim against AT&T

The magistrate judge granted summary judgment in AT&T's favor on Olson's trespass claim because Olson failed to offer any evidence to counter AT&T's showing that it does not own the lines at issue in this case.

6

In order to establish a claim for trespass, a plaintiff must show, among other things, that the defendant intentionally entered upon her land. See United Proteins, Inc. v. Farmland Indus., Inc., 915 P.2d 80, 83 (Kan. 1996). Olson alleged that AT&T entered upon her land when it bored underground lines on her property. However, in support of its motion for summary judgment, AT&T presented evidence that Southwestern Bell Telephone Company, not AT&T, owns the lines at issue in this case. In fact, prior to moving for summary judgment, AT&T had informed Olson that she named the wrong entity as a defendant. See ROA, Vol. 1 at 209 (letter from AT&T to Olson informing her that "AT&T Corp. is not the owner of the facilities at issue" and that the correct entity was "Southwestern Bell Telephone Company d/b/a AT&T Kansas") (attached to Olson's motion for sanctions against AT&T's counsel).

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). AT&T presented evidence that it did not enter Olson's property. Olson's unsupported assertion that AT&T does own the lines on her property does not create a genuine issue of fact. L&M Enters., Inc. v. BEI Sensors & Sys. Co., 231 F.3d 1284, 1287 (10th Cir. 2000). It is undisputed that AT&T did not bore lines on Olson's property and AT&T is, therefore, entitled to judgment as a matter of law.

D. *Proceedings before magistrate judge*

In her brief on appeal, Olson alleges: "I had to sign paper allowing lower Judge to make all rulings. Judge [Rushfelt] and [two attorneys] is too close to have been able to

7

get a fair trial." Aplt. Br. at 2. We decline to address either the validity of Olson's

consent to proceed before a magistrate judge or the magistrate judge's impartiality

because Olson did not raise these issues before the district court.[3] See Tele-Commc'ns,

Inc. v. Comm'r, 104 F.3d 1229, 1233 (10th Cir. 1997) (explaining that this court does not

ordinarily decide issues that were not presented to the trial court).

IV

The judgment of the district court is AFFIRMED. Defendants' motions to strike

Olson's opening brief, and Olson's motion for default judgment against the City of

Lenexa are DENIED.

Entered for the Court


Mary Beck Briscoe
Chief Judge

---

[3] We note that Olson filed a motion requesting the district judge to recuse himself, but filed no such motion regarding the magistrate judge.