**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM C. BUTLER,

　　　　　Plaintiff-Appellant,

v.

DIRK KEMPTHORNE, Secretary,
U.S. Department of the Interior,

　　　　　Defendant-Appellee.

No. 07-1490
(D.C. No. 1:07-CV-55-MJW-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

　　　　Pro se plaintiff William C. Butler appeals from the dismissal of his

employment discrimination case for lack of subject matter jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(1).[1]  He also challenges the denial of his Fed. R. Civ. P.

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]　　All district court proceedings were conducted before a magistrate judge with the consent of the parties.  *See* 28 U.S.C. § 636(c)(1).

59(e) motion to alter or amend judgment and the denial of his Fed. R. Civ. P. 60(b) motion for relief from judgment or order.

The district court set forth a detailed summary of the pertinent facts and we need not restate them here. R. Doc. 59 at 4-7. Suffice it to say that plaintiff, a geologist, filed this action in 2007 alleging that his former employer, the United States Geological Survey (USGS) (an agency within the United States Department of Interior (DOI)), violated 29 U.S.C. § 633a, a provision of the Age Discrimination in Employment Act (ADEA), when it eliminated his position on the basis of his age during an October 1995 reduction in force. Defendant countered with a Rule 12(b)(1) motion to dismiss, asserting that the district court lacked subject matter jurisdiction to consider plaintiff's complaint because he had failed to exhaust his administrative remedies before filing suit. That is, plaintiff never filed a timely appeal to the Merit Systems Protection Board (MSPB) and he never filed a complaint with the Equal Employment Opportunity Commission (EEOC).

The district court agreed with defendant. Specifically, it concluded that the EEOC's right to sue letter did not "demonstrate exhaustion of administrative remedies" and therefore did not "provide any basis to deny Defendant's motion to dismiss." R. Doc. 59 at 8-9. Plaintiff's August 1995 letter to the Office of Special Counsel (OSC) for the DOI also failed to demonstrate that plaintiff had exhausted his administrative remedies because he "never alleged in that letter that

he was discriminated against on the basis of his age." *Id.* at 9. Nor could plaintiff rely on the administrative proceeding initiated by two women to satisfy the exhaustion requirement because he "was not similarly situated to" them since "they complained of discrimination against female geologists over age forty." *Id.* at 10. Moreover, the fact that the EEOC expanded the women's "class to include all geologists over the age of forty [did] not demonstrate that Plaintiff exhausted administrative remedies." *Id.* The district court therefore granted defendant's Rule 12(b)(1) motion and entered judgment. Plaintiff then filed a "Motion to Alter Order on Defendant's Motion to Dismiss and Judgment for Dismissal," that the district construed as a Fed. R. Civ. P. 59(e) motion, and denied. R. Doc. 63. Finally, plaintiff filed a motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b), that the district court also denied. R. Doc. 65. This appeal followed.

Liberally construing plaintiff's pro se appellate filings, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), he asserts—as far as we can discern—that the district court erred by dismissing his case and by denying his post-judgment motions because: (1) the EEOC's right to sue letter demonstrated that he had exhausted his administrative remedies, (2) his August 1995 letter to the OSC served to exhaust his administrative remedies, (3) the court should have employed equitable tolling, and (4) he was "part of a class complaint that was timely filed,"

and as such, "there was no requirement for him to exhaust any remedies or file anything." Aplt. Opening Br. at 18 (quotation omitted).

Our jurisdiction arises under 28 U.S.C. §1291. We review de novo a dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and review findings of jurisdictional facts for clear error. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294-95 (10th Cir. 2003). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (quotation omitted). We review the district court's denial of a Rule 59(e) motion for an abuse of discretion. *See Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (identifying "[g]rounds warranting a motion to reconsider"). We review the district court's denial of a Rule 60(b) motion for an abuse of discretion as well, keeping in mind "that Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (quotation omitted).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that plaintiff has failed to identify any reversible error in this case or demonstrate that the district court abused its

-4-

discretion in denying his post-judgment motions. This case is a "mixed case" which affords plaintiff the option of filing an appeal with the MSPB or an administrative complaint with the EEOC. Here, plaintiff did neither. Plaintiff cannot rely on his 1995 letter because it did not allege or complain about age discrimination. He also cannot rely on actions taken by two female geologists who first alleged sex discrimination. Obviously, he was not similarly situated to them. If he had been similarly situated, he could have relied on their administrative exhaustion, and the later expansion of their class action claims to include sex and age discrimination. Plaintiff's age discrimination claim, however, was unexhausted and did not qualify as a claim that other class members had exhausted. Plaintiff also contends that he need not exhaust if another class member has exhausted. But he cites no authority for this concept where his claim was not the same as the claim exhausted by the initial class members. We therefore AFFIRM the judgment of the district court for substantially the same reasons set forth in its order on defendant's motion to dismiss and AFFIRM the district court's orders denying plaintiff's Rule 59(e) and Rule 60(b) motions.

Entered for the Court


Mary Beck Briscoe
Circuit Judge


-5-