FILED
United States Court of Appeals
Tenth Circuit

December 15, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEBORAH K. HENDRIX; ANGIE
REVELL; PHILIP HENDRIX, III;
PHYLLIS ATTOCKNIE,

        Plaintiffs-Appellants,

v.

WALLACE COFFEY, RONALD
REDELK, EDDIE MAHSEET,
LANNY ASEPERMY, JANICE
BIGBEE, individually, as citizens of
the United States and State of
Oklahoma, and as members of the
Comanche Business Committee;
DONNA WAHNEE, individually,
Tribal Enrollment Director, as a
citizen of the United States and State
of Oklahoma, and as a member of the
Comanche Business Committee;
KIRKE KICKINGBIRD; HOBBS
STRAUS DEAN & WALKER, LLP,

        Defendants-Appellees.

No. 08-6161
(D.C. No. 5:08-CV-00605-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

Plaintiffs-appellants appeal from the district court's order dismissing their action for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Three of the four appellants are Deborah Hendrix and her two children, who were disenrolled as members of the Comanche Nation in April 2008. The fourth appellant, Phyllis Attocknie, was not disenrolled, but believed that she was aggrieved by what happened to Ms. Hendrix and her children. They filed suit, alleging violations of the Indian Civil Rights Act (ICRA), their due process rights, and their equal protection rights. In an order filed on July 10, 2008, the district court granted defendants-appellees' motion to dismiss because "this dispute centers around tribal membership, a matter outside the purview of [the district court] to review." R., Doc. 27, at 4-5. The court concluded that "[t]he ICRA does not create a federal cause of action either in its own right or in conjunction with other federal law[,]" and that appellants' due process and equal protection claims "concerning tribal membership eligibility, election participation, and petitioning privileges fail because there is no federal forum created by the ICRA." *Id.* at 5.

"We review de novo a dismissal for lack of subject matter jurisdiction pursuant to [Fed. R. Civ. P.] 12(b)(1) and review findings of jurisdictional facts for clear error." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008), *petition for cert. filed* (U.S. Nov. 26, 2008) (No. 08-711). Appellants argue that there is federal subject matter jurisdiction, citing numerous statutory provisions.

We have carefully reviewed the district court's order in light of the parties' arguments, the record on appeal, and the governing law. As the district court observed, this is a dispute over tribal membership, which is a matter of internal tribal concern. We are unpersuaded by appellants arguments and affirm for substantially the reasons clearly explained by the district court.

Appellants' motion for en banc review is DENIED because appellants did not comply with the requirements of Fed. R. App. P. 35(b). Even though appellants are appearing in this court pro se, they are nevertheless required to follow the court's procedural rules. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Appellees' motion to strike appellants' reply brief (styled "Appellants' Answer to Appellees Motion to Dismiss") is GRANTED because appellants failed to obtain this court's permission to file a reply brief that was untimely under Fed. R. App. P. 31(a)(1), that exceeded the page limit permitted by Fed. R. App. P. 32(a)(7)(A), and that otherwise failed to comply with this court's procedural rules. Appellants' cross-motion to strike appellees' answer

brief and "motion to impeach, strike and or quash" appellees' response to appellants' cross-motion to strike are DENIED as baseless.

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge