FILED
United States Court of Appeals
Tenth Circuit

September 10, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NANCY LEWIS,

      Plaintiff-Appellant,

v.

RIO GRANDE SUN,

      Defendant-Appellee.

No. 09-2122
(D.C. No. 6:09-CV-00016-MCA-ACT)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

Plaintiff Nancy Lewis's pro se complaint for copyright infringement

charged that defendant, New Mexico newspaper Rio Grande Sun, ran a front page

story she had written without crediting her authorship and published another

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

article with an editorial change she had not approved.[1]  The district court referred the case to a magistrate judge who recommended that it be dismissed for lack of jurisdiction because the complaint failed to allege that plaintiff had registered her copyright, a precondition to an infringement action.  *See* 17 U.S.C. § 411(a); *see also La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1200 (10th Cir. 2005).  Because plaintiff had failed to allege facts to demonstrate federal jurisdiction, the magistrate judge recommended that plaintiff's application for permission to proceed without prepayment of costs and fees (IFP) be denied, and that her complaint be dismissed.

Plaintiff objected to the magistrate judge's recommendation, arguing that she could bring her action under the Lanham Act which does not require registration as a judicial prerequisite.  The district court disagreed, citing *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), which held that the Lanham Act does not prohibit the unattributed copying of uncopyrighted work. *Id.* at 36.  The district court also concluded that the Lanham Act was inapplicable because plaintiff's complaint did not allege any consequences to purchasers of defendant's newspaper, as required under the Act.  *Id.* at 32-33.  Adopting the

---

[1]  The district court stated that the complaint alleged "unauthorized changes so extensive to her article that these changes rose to a copyright infringement." R. at 32.  We read the complaint to state two claims:  that on June 7, 2007, defendant published an article plaintiff wrote but failed to add her byline; *id.* at 3; and that on May 17, 2007, defendant altered one of plaintiff's stories by changing the word "women" to the word "inmates," *id.* at 6.

magistrate judge's recommendation that plaintiff's motion to proceed IFP be denied, the district court dismissed the complaint without prejudice. Plaintiff appeals from that order.

Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm. We review the district court's dismissal for lack of subject matter jurisdiction de novo and its findings of jurisdictional fact for clear error. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 952 (2009).

Federal courts have jurisdiction over copyright infringement matters only if the putative plaintiff has registered the copyright in accordance with the Copyright Act. *See* 17 U.S.C. § 411(a); *see also La Resolana Architects*, 416 F.3d at 1200 (noting that "[t]he most important step necessary before instituting an infringement action is registering one's copyright"). The district court properly dismissed this action because plaintiff's complaint did not allege the required registration. Even in her objection to the magistrate judge's recommendation, plaintiff did not state that she had registered a copyright of her materials. And, as the district court correctly held, this claim cannot proceed under the Lanham Act.

Plaintiff has also filed a motion in this court to proceed on appeal without prepayment of costs or fees. Allowing a litigant to proceed on appeal without prepaying costs and fees is only appropriate where the applicant is unable to pay the required filing fees and demonstrates "the existence of a reasoned,

-3-

nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008).  We accept the district court's finding that plaintiff has shown a financial inability to pay the fees. R. at 45.  However, because plaintiff has shown no basis for federal jurisdiction, she cannot make a reasoned, nonfrivolous argument in support of her appeal.  This action therefore cannot be the basis for a grant of IFP status to plaintiff.

Plaintiff's motion to proceed on appeal without prepayment of costs and fees is DENIED, and this appeal is DISMISSED.

Entered for the Court

Wade Brorby
Senior Circuit Judge