**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MONTGOMERY CARL AKERS,

   Plaintiff-Appellant,

v.

ZITA L. WEINSHIENK; BOYD N.
BOLAND; ROBERT M. BLACKBURN;
RON WILEY; JACK FOX;
CHRISTOPHER SYNSVOLL; DIANA J.
CRIST; MICHELLE BOND; WENDY
HEIM; RICK MARTINEZ; C/O ROY;
C/O HERMAN; MARK COLLINS;
TENA SUDLOW; GEORGE KNOX,

   Defendants-Appellees.

No. 09-1478
(D.C. No. 1:08-CV-02572-WYD)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

  * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

Montgomery Carl Akers, a federal prisoner proceeding pro se,[1] appeals the dismissal of his civil rights complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In 2008, Akers filed suit in the United States District Court for the District of Colorado alleging his constitutional rights were violated by several prison and government officials. Judge Weinshienk dismissed the complaint for failure to comply with a 1995 sanction order. That order enjoined Akers from initiating any civil action in federal court in the District of Colorado without first obtaining legal representation or leave of court to proceed pro se. Because Weinshienk was named as a defendant in Akers' complaint, however, we reversed and remanded the case for reassignment to a different judge. Akers v. Weinshienk, 327 Fed. App'x 811, 811 (10th Cir. 2009) (unpublished).

On remand, a judge not named as a party in the action again dismissed Akers' complaint for failure to comply with the 1995 sanction order. Akers filed two post-judgment motions,[2] both of which were denied. This appeal followed.

---

[1] Because Akers proceeds pro se, we liberally construe his pleadings. See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998).

[2] These motions were entitled "Motion [f]or Reconsideration Pursuant to Fed. R. Civ. P. R. [sic] 59(e) and 60(b)" and "Motion to Commence a Civil Action."

**II**

Akers contends that he complied with the 1995 order because he "averred" in his first appeal that he had acted in accordance with the order. We disagree. Contrary to Akers' assertion, "averring" compliance in a previous appeal does not satisfy the terms of the order. Instead, prior to initiating his action, Akers must have actually obtained representation by an attorney or leave of court to proceed pro se. He did neither. Akers' filing was therefore in direct violation of the sanction order.

Akers argues in the alternative that the district court erred by failing to issue him an "order to cure deficiency" prior to dismissing his complaint. Akers appears to confuse the standard set forth in Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991), which permits pro se litigants a "reasonable opportunity to remedy the defects in their pleadings," id. at 1110 n.3, with a dismissal for failure to comply with a sanction order. Akers' case was not dismissed because his complaint was defective, but rather for failure to satisfy the terms of the sanction order. Because Akers was required to obtain court permission prior to filing pro se, he cannot cure this deficiency post-filing.

Finally, Akers claims that his post-judgment motions were improperly denied. We conclude that the district court did not abuse its discretion in denying these motions. See Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008) (reviewing disposition 59(e) and 60(b) motions for abuse of discretion). Because Akers was not permitted to commence an action unless he took specific steps prior to filing a pro se complaint, he cannot receive permission to file a pro se complaint in a post-judgment motion.

- 3 -

**III**

For the foregoing reasons, we **AFFIRM** the judgment of the district court. We **GRANT** Akers' motion to pay his filing fee in partial payments, but remind him that he is obligated to continue making these payments until the entire fee has been paid. All other pending motions are **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge