**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK A. PALLOTTINO SR.;
MARK S. PALLOTTINO JR.,

       Plaintiffs-Appellants,

v.

CITY OF RIO RANCHO; MICHAEL
BAKER, Capt., Acting Chief of
Police; DAVID HUBBARD; JEREMY
MELTON; BRIAN LINK; ROBERTA
RADOSOVICH; SCOTT KELLOGG,
Lt., S.W.A.T. Team Commander;
JOHN OR JANE DOES I-X, in their
official and individual capacities,

       Defendants-Appellees.

No. 10-2243
(D.C. No. 1:06-CV-00006-JEC-WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.

---

Mark A. Pallottino Sr. appeals from the district court's Amended

Memorandum Opinion and Order granting Defendants' Second Motion for Partial

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Summary Judgment as to seven of the nine counts he and his son enumerated in their civil rights complaint.[1] Specifically, Mr. Pallottino Sr. appeals the district court's grant of summary judgment in favor of Defendants on his claims brought pursuant to 42 U.S.C. § 1983 for malicious abuse of process (Count III), municipal liability (Count IV), supervisor liability (Count V), unlawful seizure/false arrest (Count VI), unlawful detention/false imprisonment (Count VII), and violations of his right to Equal Protection (Count IX), as well as his claim for malicious abuse of process brought pursuant to the New Mexico Tort Claims Act (NMTCA) (Count I). *See* R., Vol. 3 at 202-18. Mr. Pallottino Sr. also appeals from the district court's grant of judgment as a matter of law (JMOL) pursuant to Fed. R. Civ. P. 50 in favor of Defendants on his claim of defamation of character brought pursuant to the NMTCA (Count II). *See* R., Vol. 3 at 378. His son, Mr. Pallottino Jr., appeals from the district court's grant of JMOL in favor of Defendants on his claims of excessive force under § 1983 and assault and battery under the NMTCA (Count X). *See* R., Vol. 3 at 378-79. Mr. Pallottino Jr. also takes issue with the district court's grant of his attorneys' Motion to Withdraw as Counsel.

---

[1]     We note that there is an error in the numbering of the complaint. It skips from Count VII to Count IX (there is no Count VIII); thus, the complaint contains nine counts. *See* R., Vol. 1 at 30-39. The first eight counts pertain to events involving Mr. Pallottino Sr., and the final count, Count X, pertains to events involving his son, Mark S. Pallottino Jr. (collectively, the Pallottinos). *See id.* at 14-39.

Our jurisdiction arises under 28 U.S.C. § 1291.  Because Mr. Pallottino Sr. and Mr. Pallottino Jr. are proceeding pro se we liberally construe their appellate briefs.  *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). We review de novo the district court's grant of summary judgment, applying the same standard as the district court under Fed. R. Civ. P. 56.  *See EEOC v. C.R. England, Inc.*, ___ F.3d ___, 2011 WL 1651372, at *5 (10th Cir. May 3, 2011).  Under that standard, the "grant of summary judgment must be affirmed 'if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Id.* (quoting Fed. R. Civ. P. 56(a) (2010)).  In applying this standard, "we consider the evidence in the light most favorable to the non-moving party."  *C.R. England, Inc.*, 2011 WL 1651372, at *5 (internal quotation marks omitted).  We also employ a de novo standard in reviewing the district court's grant of JMOL, applying the same standard as the district court under Fed. R. Civ. P. 50.  *See Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009).  "A district court may only grant judgment as a matter of law when a reasonable jury would have no legally sufficient evidentiary basis to rule in favor of the nonmoving party."  *Id.* (citing Fed. R. Civ. P. 50(a)(1)).  "Judgment as a matter of law is only appropriate if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."  *Id.* (internal quotation marks

-3-

omitted).  Finally, "[w]e review a court's grant of a motion to withdraw for an abuse of discretion."  *Stafford v. Mesnik*, 63 F.3d 1445, 1448 (7th Cir. 1995).

The parties are familiar with the facts and procedural history of this case, and we need not restate either here.  Having reviewed the briefs, the record, and the applicable law, we conclude that Mr. Pallottino Sr. has failed to identify any reversible error in the district court's disposition of Counts I, III-VII, and IX.  We therefore affirm the district court's grant of Defendants' Second Motion for Partial Summary Judgment for substantially the same reasons stated in the district court's Amended Memorandum Opinion and Order.  *See* R., Vol. 3 at 202-18.

As to Counts II and X, which were tried to the court and a jury, we are left "with no alternative but to affirm," because the Pallottinos failed to provide a transcript of the challenged trial proceedings.  *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999) (internal quotation marks omitted); *see* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); Fed. R. App. P. 28(a)(9)(A) (Appellant's brief must contain his "contentions and the reasons for them, with citations to the authorities and the parts of the record on which appellant relies").  "An appellant's failure to provide a necessary transcript entails more than mere noncompliance with some useful but nonessential procedural admonition; it raises

-4-

an effective barrier to informed, substantive appellate review." *Morrison Knudsen Corp.*, 175 F.3d at 1238 (internal quotation marks omitted). Further, the pro se status of the Pallottinos does not relieve them of their obligations to comply with procedural rules such as Federal Rules of Appellate Procedure 10(b)(2) and 28(a)(9)(A). *See, e.g.*, *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing cases for principle that pro se parties must "follow the same rules of procedure that govern other litigants") (internal quotation marks omitted).

We have reviewed Mr. Pallottino Jr.'s attorneys' Motion to Withdraw as Counsel, Defendants' Response, and the district court's Order Allowing Withdrawal as Counsel upon finding the Motion "well taken," R., Vol. 3 at 315. We discern no abuse of discretion in the district court's grant of the Motion.

We GRANT the Pallottinos' Motions for Leave to Proceed on Appeal Without Prepayment of Costs or Fees. They are reminded that they are obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Monroe G. McKay
Circuit Judge

-5-