**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VINCENT EUGENE WELLS,

Plaintiff-Appellant,

v.

STEPHEN R. KREBS, M.D., Medical
Director, Physician Health Partners;
JOSEPH FORTUNATO, M.D.,
Sterling Correctional Facility; BARRY
GOLDSMITH, M.D., Sterling
Correctional Facility; PAULA
FRANTZ, M.D., Medical Director,
Colorado Department of Corrections;
JO ANNE STOCK, P.A., Sterling
Correctional Facility; BEVERLY
DOWIS, Health Service
Administrator; CHERYL SMITH,
Clinical Chief of Operations, Colorado
Department of Corrections,

Defendants-Appellees.

No. 10-1514
(D.C. No. 1:10-CV-00023-LTB-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Vincent Eugene Wells, a state prisoner proceeding pro se, appeals from a summary judgment in favor of the defendants on his 42 U.S.C. § 1983 claims of an Eighth Amendment violation, deliberate medical indifference. He also complains about scheduling matters and the delay in ruling on his motion for a preliminary injunction.** We AFFIRM.

## BACKGROUND

Wells is incarcerated in Colorado's Sterling Correctional Facility. In January 2010, he filed this action, claiming he received inadequate medical care for various health problems, including: "lupus, hepatitis, degenerative disc disease, kidney cysts, lymphatic disorder and a malignant neoplastic prostate, or even undiagnosed cancer," as well as constipation, deep vein thrombosis and polycythemia vera. R. at 13, 14. He named as defendants, doctors Stephen Krebs, Joseph Fortunato, Barry Goldsmith, Paula Frantz; physician's assistant Jo Anne Stock; and prison administrators Beverly Dowis and Cheryl Smith.

Wells also moved for a preliminary injunction to require the defendants "to provide proper and adequate Chronic health care and[/]or transfer him to a full hospital facility that will provide such medical care." *Id.* at 36. The defendants opposed the motion, providing evidence of the extensive medical care provided to

---

** Our jurisdiction derives from 28 U.S.C. § 1291.

Wells. Dr. Frantz, the chief medical officer for the Colorado Department of Corrections, submitted an affidavit, opining there was no medical support for many of Wells' health concerns. There were also medical records noting Wells' "uncanny fear of dying," *id.* at 182, and his "demand[s] something [is] wrong with him" even when imaging and lab reports show otherwise, *id.* at 184, 186.

A magistrate judge reviewed the complaint, noted there were no allegations the defendants had personally participated in the deprivation of any constitutional right, and ordered Wells to file an amended complaint. In response, Wells filed a more detailed complaint.

The defendants then moved for summary judgment, arguing they were entitled to qualified immunity. Wells sought to postpone a summary judgment ruling, contending the district court should rule on his request for injunctive relief and establish an "[e]xpedited [d]iscovery process or meeting." *Id.* at 558.

Several weeks later, Wells responded to the defendants' summary judgment motion, submitting medical records and his own affidavit. The following day, the magistrate judge entered a minute order denying Wells' request to postpone a summary judgment ruling, stating Wells failed to indicate why facts precluding summary judgment could not be presented, what steps had been taken to obtain such facts, or how additional time would enable him to rebut the defendants' arguments. Wells sought reconsideration of the minute order, asserting that a recent hospitalization was the result of inadequate medical care.

The magistrate judge denied reconsideration and recommended granting the defendants' summary judgment motion. In regard to summary judgment, the magistrate judge concluded that Wells' claims regarding hepatitis treatment failed because there were no allegations of personal participation by any defendant in denying care. Similarly, there was no evidence Dr. Frantz or Administrator Smith had personally participated in any of the acts forming the bases of his claims. As for Wells' claims regarding lupus, cancer, hypoglycemia, and polycythemia vera, the magistrate judge noted there was no evidence he had those diseases. As to his claims of inadequate care for deep vein thrombosis, a separated shoulder, kidney cysts, degenerative disc disease, swollen lymph nodes, weight loss, constipation and other conditions, the magistrate judge rejected them on a variety of grounds: they were belied by the medical evidence, they merely reflected Wells' disagreement with treatment protocols, or they were premised on a difference of medical opinion among the defendant doctors. Because Wells was unable to establish a Constitutional violation with respect to his medical care, the magistrate judge concluded the defendants were entitled to qualified immunity and injunctive relief was unwarranted.

The district court accepted the recommendations, entered summary judgment in favor of the defendants, and denied Wells' motion for injunctive relief.

# **DISCUSSION**[1]

Wells first challenges the order denying his motion to postpone a ruling on the motion for summary judgment. Wells did not, however, file an affidavit to support his motion. "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit,[2] there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986).

While Wells did file the required affidavit when seeking reconsideration, he identified a need for additional discovery only as to a hospitalization occurring after the filing of his amended complaint. That matter was not part of the original complaint and Wells did not seek to amend to include it. Consequently, the magistrate judge did not abuse her discretion in declining to delay decision on the

---

[1]    Because Wells is proceeding pro se, we liberally construe his appellate briefs. *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

[2]    Effective December 1, 2010, the provision for obtaining a summary judgment continuance was moved to subdivision (d) of Rule 56 without substantial change:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d); *see also* Advisory Committee's Note (2010 Amendments).

motion for summary judgment or in denying reconsideration.  *See Pasternak*, 790 F.2d at 832-33; *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir.), *cert. denied*, 131 S. Ct. 163 (2010).  On a related note, Wells complains of the failure to hold a scheduling conference or issue a scheduling order, but he does not identify—nor do we see—how that affected any of his substantial rights.  *See* Fed. R. Civ. P. 61.

Wells next contends the "[d]istrict [c]ourt incorrect[ly] determin[ed] that no material facts or genuine issue existed to support his claims."  Aplt. Br. at 2(a).  We disagree.  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When a defendant asserts "the qualified immunity defense, the burden shifts to the plaintiff, who must meet a strict two-part test by showing (1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct."  *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009) (internal quotation marks omitted).  "We review a grant of summary judgment on the basis of qualified immunity de novo."  *Harman v. Pollock*, 586 F.3d 1254, 1260 (10th Cir. 2009), *cert. denied*, 131 S. Ct. 73 (2010).

Wells asserts the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause.  Such a "claim has both an objective component—whether

the deprivation is sufficiently serious—and a subjective component—whether the official acted with a sufficiently culpable state of mind." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999). But "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. Moreover, a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Id.* at 811 (citation omitted).

We have reviewed the record, and agree with the magistrate judge and for substantially the same reasons she identified in her detailed recommendation filed September 1, 2010– Wells failed to show an Eighth Amendment violation. The defendants were qualifiedly immune from suit and entitled to summary judgment.

Finally, Wells contends the magistrate judge should have "immediate[ly] rul[ed]" on his motion for preliminary injunctive relief, rather than resolve it at the same time as the defendants' summary judgment motion. Aplt. Br. at 3.[3] But Wells does not indicate how an earlier ruling would have made any difference in the ultimate result. Indeed, based on the medical records and other evidence submitted by the defendants in response to his motion—which was much the same evidence submitted in support of the summary judgment motion—the magistrate

---

[3]     To the extent this contention also concerns Wells' motion for a temporary restraining order, the denial of a temporary restraining order is not appealable. *See Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984) (per curiam).

judge could have immediately denied injunctive relief because he failed to show

"a substantial likelihood that he [would] prevail on the merits," *Utah Licensed*

*Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1075 (10th Cir. 2001).

### CONCLUSION

The judgment of the district court is AFFIRMED.  Wells' "Request for an

Expidited [sic] Ruling" is DENIED as moot.  His motion to proceed on appeal in

forma pauperis is DENIED as this appeal is frivolous.  He must forthwith pay the

entire $455 filing and docketing fees to the Clerk of the District Court.


Entered for the Court


Terrence L. O'Brien
Circuit Judge