**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

QUINN NGIENDO,

    Plaintiff - Appellant,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.; TARGET
CORPORATION INCORPORATED;
DONALD P. PIPINO COMPANY, LTD.;
SIMON PROPERTY GROUP, INC.,

    Defendants - Appellees.

No. 15-3149
(D.C. No. 5:13-CV-04008-JAR-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Quinn Ngiendo appeals following the district court's dismissal of her pro se

action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Ngiendo filed a complaint in federal court after a slip and fall incident at a

Target store in Topeka, Kansas. In her complaint, Ngiendo alleged that she was a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

resident of Minnesota and that defendant Target Corporation was a Minnesota corporation with its corporate office located in Minnesota. The district court concluded that it lacked diversity jurisdiction and that Ngiendo failed to state a claim under the Americans with Disabilities Act. It dismissed the complaint, but granted Ngiendo leave to amend. An amended complaint submitted by Ngiendo did not cure these deficiencies, prompting the district court to dismiss the case. After denying a motion for reconsideration and several related motions, the district court entered judgment on January 29, 2014.

One year later, on January 29, 2015, Ngiendo filed a motion to recuse the district court judge and to set aside judgment. The district court denied the motion on May 25, 2015. Ngiendo filed a notice of appeal on June 25, 2015.

**II**

Before addressing the merits of Ngiendo's appeal, we must consider our jurisdiction. See Petrella v. Brownback, 787 F.3d 1242, 1254 (10th Cir. 2015) (appellate court must consider its own jurisdiction). Ngiendo designated both the district court's January 29, 2014 and May 25, 2015 orders as the subjects of her appeal. However, her notice of appeal was timely only as to the latter order. See Fed. R. App. P. 4(a)(1)(A) (setting thirty-day deadline to file notice of appeal). Ngiendo did not file any motions that would have tolled the deadline as to the prior order. See Fed. R. App. P. 4(a)(4)(A) (listing motions that toll the notice of appeal deadline). Accordingly, we possess jurisdiction to review only the district court's

2

May 25, 2015 order. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

**III**

Because Ngiendo's motion to set aside judgment was filed more than twenty-eight days after judgment was entered, we consider it as filed under Fed. R. Civ. P. 60(b). See Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (pro se filings to be construed liberally). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quotation omitted).

Ngiendo argues that the district court should have set aside its judgment to reconsider its ruling as to diversity. Although Ngiendo apparently moved from Minnesota after the complaint was filed, "[f]ederal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." Ravenswood Inv. Co. v. Avalon Corr. Servs., 651 F.3d 1219, 1223 (10th Cir. 2011). And Ngiendo alleged in both her original and proposed amended complaint that she was a resident of Minnesota. Given these affirmative allegations, we also reject Ngiendo's argument that the district court should have sua sponte ordered jurisdictional discovery. See Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995) (district court should accept allegations in complaint as true in considering "a facial attack on

3

the complaint's allegations as to subject matter jurisdiction").  Because Ngiendo and Target Corporation were both citizens of Minnesota at the time the complaint was filed, the district court did not abuse its discretion in denying Ngiendo's motion to set aside judgment.

We also agree with the district court that Ngiendo's request for recusal did not warrant setting aside the judgment.  We review the denial of a motion for recusal for abuse of discretion.  ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1217 (10th Cir. 2011).  A district court judge should recuse if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).  Ngiendo contends the district court expressed antagonism toward her by failing to order jurisdictional discovery.  But "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge."  United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006).

**IV**

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4