**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAUL CURTIS PEMBERTON,

    Plaintiff - Appellant,

v.

ROBERT C. PATTON, New Director of
the Oklahoma Department of Corrections
Substitute, in his official capacity; MARY
FALLIN, Governor of the State of
Oklahoma, in her official capacity only;
JUSTIN JONES, Individually and as Past
Director of the Oklahoma Department of
Corrections; JOHN DOE, Individually and
in his official capacity; JANE DOE,
Individually and in her official capacity;
DEBBIE MORTON, Individually and in
her official capacity; WALTER
DINWIDDIE, Individually and in his
official capacity; ANITA TRAMMELL,
Individually and in her official capacity;
SALLY WIGGINS, Individually and in her
official capacity; JAMES RUDEK, In his
individual and official capacity; TRACY
MCCOLLUM, In his individual and
official capacity; CARL BEAR,
Individually and in his official capacity; JO
BETH HARVEY-HAYNES, Individually
and in her official capacity; GREG
BROOKS, in his individual and official
capacity; KERRY KENDAL, in his official
and individual capacity; DAVID
WORTHAM, in his individual and official
capacity; PAULA BETHEA, individually
and in her official capacity; OUIDA
NICKELL, individually; CHERYL WALL,
individually; MELONIE ALMAGUER,
individually; ALICIA GURRERO,

No. 15-6129
(D.C. No. 5:14-CV-00129-D)
(W.D. Okla.)

individually; L. D. ORMAND,
individually; E. SCOTT PRUITT, Attorney
General of the State of Oklahoma, in his
official capacity only,

      Defendants - Appellees.

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
———————————————————

    Paul Curtis Pemberton, an Oklahoma inmate proceeding pro se, filed a

42 U.S.C. § 1983 civil rights complaint against numerous defendants in

February 2014.  The district court's dismissal of that case in April 2015 is the subject

of a separate appeal, No. 15-6089, that this panel has dismissed in a separate order

and judgment filed today.  *See Pemberton v. Patton*, No. 15-6089 (10th Cir. Feb. ___,

2016) (unpublished order and judgment).  After filing his notice of appeal in

No. 15-6089, Mr. Pemberton filed a motion to proceed on appeal without prepayment

of fees in the district court.  The court denied the motion in May 2015.

    In June 2015, Mr. Pemberton filed a motion to alter or amend the judgment

pursuant to Fed. R. Civ. P. 59(e).  The district court concluded that to the extent the

---

[*] After examining the appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion alleged error in the April 2015 order, it was time-barred. *See id.* ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The district court also concluded that Mr. Pemberton failed to show that he was entitled to relief from the May 2015 order denying his motion to proceed on appeal without prepayment of fees. Therefore, the court denied the motion to alter or amend the judgment. This appeal followed.

We review for an abuse of discretion the district court's denial of a Rule 59(e) motion. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). "Accordingly, we will not reverse the decision of the district court unless the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005) (internal quotation marks omitted).

Mr. Pemberton argues that denying his motion to proceed on appeal in No. 15-6089 without prepayment of fees was error because he raises reasoned and nonfrivolous arguments in that appeal. We reject this argument for the reasons explained in our order and judgment entered today in No. 15-6089.

Mr. Pemberton seems to argue also that the district court erred by finding he did not present a reasoned and nonfrivolous argument in support of the issues on appeal because the application form he used does not expressly require such an argument. However, an appeal without prepayment of fees "may not be taken . . . if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.

3

§ 1915(a)(3).  Moreover, a court must dismiss such an action at any time if it "is frivolous."  *Id.* § 1915(e)(2)(B)(i).

Mr. Pemberton's contention that the district court's written order is too conclusory misses the mark, as it is his burden to present a reasoned and nonfrivolous argument, not the district court's burden to explain why he has failed to do so.

Mr. Pemberton's renewed motion to proceed without prepayment of fees and all other pending motions in this appeal are denied.  Immediate payment of the unpaid balance of the appellate filing fee is due.  This appeal is dismissed as frivolous and counts as a "strike."  Together with the "strike" we have assessed today in No. 15-6089, Mr. Pemberton has now accumulated four "strikes."  Consequently, he may not proceed without prepayment of fees in any future civil action or appeal in federal court unless he "is under imminent danger of serious physical injury."  *Id.* § 1915(g).

Entered for the Court


Bobby R. Baldock
Circuit Judge