FILED
United States Court of Appeals
Tenth Circuit

March 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MUKHTIAR S. KHALSA,

    Plaintiff - Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for C-Bass 2007-SP1 Trust,
Mortgage Loan Asset-Backed Certificates,
Series 2007-SP1; BANK OF AMERICA,
N.A.; OCWEN LOAN SERVICING, LLC,

    Defendants - Appellees.

No. 16-2208
(D.C. No. 1:15-CV-01010-WJ-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

This diversity case involves Mukhtiar S. Khalsa's untimely attempt to rescind a

loan agreement. In 2005, Khalsa obtained a $166,500 home loan from New Century

Mortgage Corporation. The loan was evidenced by a promissory note and secured by a

mortgage on Khalsa's real property in Espanola, New Mexico. Bank of America later

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

acquired the loan, before its ultimate acquisition by U.S. Bank. Ocwen Loan Servicing, LLC, is the loan's most recent servicer. Khalsa defaulted on the loan in 2009.

In May 2015, Khalsa notified U.S. Bank, Ocwen, and Bank of America that he was rescinding the loan under 15 U.S.C. § 1635. That statute prescribes the conditions required to rescind "any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in . . . the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). The rescission right lasts "until midnight of the third business day following" the later of either (i) the transaction's consummation or (ii) the creditor's delivery of necessary rescission information, forms, and disclosures. *Id.* But even if the mandated deliveries are not made, the rescission right generally expires three years after the transaction's consummation or upon the property's sale, whichever occurs first. *Id.* § 1635(f).

None of the parties responded to Khalsa's rescission notice. And in October 2015, U.S. Bank filed a foreclosure action in state court.

The following month, Khalsa filed a pro se complaint in federal district court. He sought a declaratory judgment that his mortgage and promissory note were terminated and that he was entitled to restitution of his loan payments under 15 U.S.C. § 1640(a) (prescribing damages for "any creditor who fails to comply with . . . any requirement under section 1635"). The district court granted the defendants' motion to dismiss, concluding that Khalsa's rescission demand was untimely and that nothing required the defendants to respond to his demand.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Reviewing the district court's dismissal de novo, *see Dutcher v. Matheson*, 840 F.3d 1183, 1196 (10th Cir. 2016), and construing Khalsa's filings liberally, *see James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013), we affirm.

Khalsa's attempt to rescind  came nearly a decade too late if measured from the loan's origination and nearly seven years too late if measured from any failure by the defendants to deliver rescission information, forms, and disclosures.  *See* 15 U.S.C. § 1635(a), (f).  Nevertheless, Khalsa contends he timely provided notice because *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015) allows perpetual rescission so long as the borrower provides "written notice to the lender that he intends to rescind."  Aplt. Opening Br. at 6.  But Khalsa misstates *Jesinoski*'s holding.  There, the Supreme Court merely held that § 1635 requires only "written notice [of rescission] within three years after the transaction is consummated" and not a "suit for rescission" within that timeframe.  *Jesinoski*, 135 S. Ct. at 792.  Indeed, the Court observed that the rescission right "does not last forever," *id.*, and that it extends only "up to three years after the transaction is consummated," *id.* at 791.

Khalsa also asserts that the defendants' failure to respond to his untimely notice equitably estopped them from contesting rescission.  But we have no indication that Congress, in enacting the Truth in Lending Act, of which § 1635 is a part, "codifie[d] rescission in equity."  *Id.* at 793.  And, even so, without "a duty to speak," the equitable

3

doctrine of estoppel by silence doesn't apply. *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 858 P.2d 66, 77 (N.M. 1993). Khalsa identifies no such duty.

Finally, we note that because the district court had a proper basis for dismissal, it did not abuse its discretion in denying reconsideration. *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (indicating that reconsideration motions are reviewed only for an abuse of discretion).

Affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge

4