FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
_____

JAMES J. MATHIEU,

      Plaintiff - Appellant,

v.

AUSTIN BROWN, Oklahoma State
Highway Patrol/Officer; ROGERS
COUNTY COURT CLERK; MARK
SCHANTZ, Rogers County Defense
Attorney,

      Defendants - Appellees.

No. 19-5061
(D.C. No. 4:19-CV-00262-CVE-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.**
_____

Plaintiff James J. Mathieu sued Austin Brown, the Rogers County Court Clerk

Office, and Mark Schantz, challenging the constitutionality of his arrest and the

constitutional validity of the conviction resulting from that arrest. Plaintiff also seeks

---

* This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**After examining the appellant's brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

damages. An Oklahoma state court sentenced Plaintiff to a term of one year in the

Rogers County Jail. Oklahoma released Plaintiff from physical confinement and placed

him on probation. Because the state court sentenced Plaintiff in December 2018, his

sentence is unexpired. Relying on Heck v. Humphrey, 512 U.S. 477 (1994), the district

court dismissed the action for failure to state a valid claim. Plaintiff appealed to this

Court.

In its order dismissing Plaintiff's complaint, the district court told Plaintiff that the

proper course of action at this time is not to pursue remedies in federal court, but to

exhaust his state court remedies by filing an application for appeal out of time or an

application for post-conviction relief in state court.[1] In his notice of appeal, Plaintiff

included a request for us:

> to scrutinize and to examine the constitutionality of the actions resulting in
> [his] person's unlawful stop and seisure [sic]; and, to nullify all validity of
> the conviction of any charges obtained from any evidences obtained [by
> his] person's unlawful stop and seisure [sic]; Thus, invalidating this
> unlawful and coerced conviction of [his] person initiated by Officer, the
> person of, Officer Brown and perpetuated by the subsequent and
> supplemental actions, or lack thereof, of the person of Mark Schantz and
> the person or persons or body of persons consisting of the office of the
> person of the Roger County Court Clerk.

---

[1] The district court granted Plaintiff's motion for extension of time to file an appeal of its dismissal of Plaintiff's complaint for lack of subject matter jurisdiction to this Court. In his brief, Plaintiff appears to believe that the district court granted him an extension of time to appeal his state court conviction. To be clear, the district court did not grant Plaintiff any relief with respect to his state court conviction. He must ask the Oklahoma state courts for an extension of time to appeal his state court conviction out of time.

In his notice of appeal, he also included a Petition for Writ of Habeas Corpus, a Petition for Writ of Mandamus seeking "the court to supplement [his] person's pro se efforts with any and all lacking procedural materials, if any is missing at this time," and an "Out of Time Writ" seeking an extension of time "for any . . . pleas to the court."

We review de novo the district court's dismissal for lack of subject matter jurisdiction and review findings of jurisdictional facts for clear error. Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008). We also construe Plaintiff's *pro se* pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The United States Supreme Court has held that damages for an allegedly unconstitutional conviction or imprisonment are not available under 42 U.S.C. § 1983 unless the conviction or sentence has been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by an appropriate state court; or (4) called into question by a federal court's grant of habeas relief. Heck, 512 U.S. at 486–87. In this case, none of these preconditions has occurred. Accordingly, we agree with the district court that Heck bars Plaintiff's damages action.

Plaintiff did not ask for habeas relief in the district court. For that reason, we decline to consider his request for habeas relief. See Fed. R. App. P. 22(a) ("An application for a writ of habeas corpus must be made to the appropriate district court. If made to a circuit judge, the application must be transferred to the appropriate district court."); see also United States v. Ford, 514 F.3d 1047, 1051 (10th Cir. 2008). Federal Rule of Appellate Procedure 22(a) requires us to transfer the habeas petition to the district

3

court.  Accordingly, we direct that the Clerk transfer his request to the United States District Court for the Northern District of Oklahoma.

We additionally cannot grant Plaintiff's request for mandamus relief.  To the extent Plaintiff requests that we take action against Oklahoma state officials, the statute provides that the district court has jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff.  28 U.S.C. § 1361.  The statute does not allow relief against state officials or state agencies.  Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs., 879 F.2d 789, 790 (10th Cir. 1989).  To the extent Plaintiff attempts to use the writ to require us to supplement his *pro se* efforts with any missing materials, Plaintiff offers no argument, nor cites any legal authority, to support the notion that such a request for judicial action is legally cognizable.  See Fed. R. App. P. 28(a)(8)(A) (providing that an argument "must contain" appellant's "contentions and the reasons for them, with citations to the authorities . . . on which appellant relies.").  Even construing Plaintiff's pleadings liberally, we believe such a request for judicial action is entirely out of place.

Finally, Plaintiff's "Out of Time Writ" does not request relief we can grant.  If Plaintiff seeks to file an application for appeal out of time for his state court conviction, he must do so in state court.

We DISMISS Plaintiff's application for a writ of habeas corpus as improperly made to this Court and we order the Clerk to TRANSFER the petition to the United States District Court for the Northern District of Oklahoma. We otherwise AFFIRM the judgment of the district court.

Entered for the Court


PER CURIAM