FILED
United States Court of Appeals
Tenth Circuit

April 24, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WARREN WEXLER,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 19-1436
(D.C. No. 1:18-CV-02378-CMA-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.**
_____

    Plaintiff-Appellant Warren Wexler, appearing pro se, appeals from the district court's order granting the government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Wexler v. United States, 18-cv-02378-CMA-STV, 2019 WL 3562066, Order Adopting the Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 50) (D. Colo. Aug. 6, 2019).  The district court held that sovereign immunity barred Mr.

_____

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Wexler's claim for intentional or negligent infliction of emotional distress pursuant to the Federal Tort Claims Act (FTCA).  Because the claim arose from the government's performance of a discretionary act, it fell under the FTCA's discretionary function exception.  Mr. Wexler then sought reconsideration, which was denied.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. !

As the parties are familiar with the facts, they are omitted here.  "We review de novo a dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and review findings of jurisdictional facts for clear error."  Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008).

The FTCA does not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  In other words, "the discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." Berkovitz v. United States, 486 U.S. 531, 537 (1988).  To determine whether this exception applies, we conduct a two-part inquiry.  First, we must "consider whether the action is a matter of choice for the acting employee."  Id. at 536.  "If the action does involve such choice, we must then consider whether the type of action at issue is 'susceptible to policy analysis.'"  Sydnes v. United States, 523 F.3d 1179, 1183 (10th Cir. 2008) (quoting United States v. Gaubert, 499 U.S. 315, 325 (1991)).  "If both of

2

these conditions are met, the discretionary function exception applies and [the] sovereign immunity doctrine precludes suit." Id.

The district court correctly held that the discretionary function exception applies. The Federal Employees' Compensation Act (FECA) Procedural Manual does not prohibit a claim examiner (CE) from seeking a second opinion specialist in situations not expressly outlined in the manual. See Wexler, 2019 WL 3562066, at *5. Indeed, contrary to Mr. Wexler's position, the decision to seek a second opinion specialist is squarely within the purview of a CE. See FECA Procedural Manual, Ch. 3-0500(3)(a) ("The decision to refer a case for a second opinion examination rests with the CE."). Accordingly, the first part of the Berkovitz test is satisfied.

The second part of the Berkovitz test is satisfied because determining continued entitlement to FECA benefits, including a second opinion examination, serves "the public policies of regulating FECA claims and preventing criminal fraud against the Government." Wexler, 2019 WL 3562066, at *7 (internal quotation marks omitted). As both parts of the Berkovitz test are satisfied, the discretionary function exception applies and the district court correctly held that Mr. Wexler's claims were barred and properly dismissed the action.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

3