FILED
United States Court of Appeals
Tenth Circuit

November 24, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

_____

KRISTOPHER D. YARBARY,

      Plaintiff - Appellant,

v.

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, LLP; UNUM
GROUP CORPORATION; MARTIN
W. BAUER; DAVID S. WOODING;
JEFF C. SPAHN, JR.; MICHAEL G.
JONES; RICHARD K. THOMPSON;
THOMAS R. WATJEN; EDWARD J.
MUHL; WILLIAM J. RYAN; A.S.
MacMILLAN, JR.; THOMAS KINSER;
GLORIA C. LARSON; TIMOTHY F.
KEANEY; RONALD E. GOLDSBERRY;
MICHAEL J. PASSARELLA; KEVIN
T. KABAT; PAMELA H. GODWIN;
E. MICHAEL CAULFIELD; KEVIN
A. McMAHON; DIANE GAROFALO;
CHRISTOPHER J. JEROME;
BREEGE A. FARRELL; JOSEPH R.
FOLEY; RANDALL C. HORN; JACK
F. McGARRY; LISTON BISHOP, III;
RICHARD P. McKENNEY,

      Defendants - Appellees,

and

WILLIAM S. TOWLES, III, a/k/a Red;
DOLLY PEARL EVANS, a/k/a DP,

      Defendants.

No. 14-3101
(D.C. No. 2:12-CV-02773-CM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Katherine Towles used to work for Martin, Pringle, Oliver, Wallace & Bauer, LLP. At first, she designated her children, Kristopher Yarbary and his brothers, as beneficiaries of a life insurance policy her employer helped fund and Unum helped administer. Later, a form was filed designating her husband in her sons' stead. After Ms. Towles died and Unum paid benefits to the husband in accord with the instructions it had received, Mr. Yarbary sued Unum and Martin Pringle. The district court afforded Mr. Yarbary five chances to state a viable claim for relief before finally dismissing the case with prejudice.

Mr. Yarbary seeks to undo this result on appeal, but even construing his *pro se* complaint liberally we cannot find fault with the district court's disposition. The operative complaint recites a litany of legal conclusions — contending, for example, that the defendants "failed to maintain their fiduciary duty" and "failed to maintain a prudent man standard of care" — but without

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

identifying any facts that might justify such accusations. That is insufficient to state a claim as a matter of law. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Indeed, the only material and nonconclusory factual allegations we can discern in the operative complaint are these: (1) Unum and Martin Pringle processed a change-of-beneficiary form and paid benefits to the husband, and (2)some time considerably later Mr. Yarbary alleged the form was forged, perhaps by the husband. But these facts fail to state an ERISA claim as a matter of law. A plan administrator that pays benefits in accord with established plan procedures when it has "no reason to suspect that anything was amiss" is "not obligated to inquire further." *Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1236-37 (10th Cir. 2012).

Problematically, too, the only specific relief the complaint seeks is the defendants' removal from their positions of responsibility over the plan pursuant to 29 U.S.C. § 1111. But to win that kind of relief a plaintiff must show that the defendants have been convicted of or imprisoned for certain specific crimes listed in § 1111. And the operative complaint contains no allegations along those lines.

Finally and likewise, we see no error in the district court's decision to deny Mr. Yarbary the opportunity to amend his complaint once again. Mr. Yarbary failed to produce a complaint that stated a claim even after four rounds of

amendment.  Nothing in this record suggests more hope should attach to a fifth.

*See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010).

Affirmed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge