**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KRISTOPHER D. YARBARY,

        Plaintiff-Appellant,

v.

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, LLP;
MARTIN W. BAUER; DAVID S.
WOODING; JEFF C. SPAHN, JR.;
MICHAEL G. JONES; RICHARD K.
THOMPSON; UNUM GROUP
CORPORATION; UNUM LIFE
INSURANCE COMPANY OF
AMERICA; EDWARD J. MUHL;
WILLIAM J. RYAN; A. S.
MACMILLAN, JR.; THOMAS
KINSER; GLORIA C. LARSON;
TIMOTHY F. KEANEY; KEVIN T.
KABAT; PAMELA H. GODWIN; E.
MICHAEL CAULFIELD; DIANE
GAROFALO; CHRISTOPHER J.
JEROME; BREEGE A. FARRELL;
JOSEPH R. FOLEY; JACK F.
MCGARRY; RICHARD P.
MCKENNEY; THOMAS R.
WATJEN; RONALD E.
GOLDSBERRY; MICHAEL J.
PASSARELLA; KEVIN A.
MCMAHON; RANDALL C. HORN;
LISTON BISHOP, III,

        Defendants-Appellees.

No. 15-3224
(D.C. No. 6:15-CV-01171-MLB-GEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Kristopher Yarbary appeals from the district court's order dismissing his complaint for lack of subject-matter jurisdiction and from a separate order denying his motion for relief from judgment, wherein he sought declaratory and injunctive relief as well as punitive damages related to the beneficiary designation of a life insurance policy governed by the Employee Retirement Income Security Act ("ERISA"). Exercising our jurisdiction under 28 U.S.C. § 1291, and construing Mr. Yarbary's pro se filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we **affirm** the district court's orders.

**I**

This case arises from Mr. Yarbary's allegation that he is one of the rightful beneficiaries of his deceased mother's life insurance policy governed by ERISA. Prior to her death, Mr. Yarbary's mother, Katherine Towles, was employed by

---

[*] Upon examining the briefs and appellate record, this panel has decided that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Martin, Pringle, Oliver, Wallace & Bauer, LLP ("Martin Pringle"), and participated in a life insurance policy administered by Martin Pringle and managed by UNUM Group Corporation ("UNUM"). Mr. Yarbary and his brothers were named beneficiaries under the policy until December 28, 2010; at that time, UNUM received a revised beneficiary designation form from Martin Pringle, changing the policy beneficiary to William S. Towles III, Ms. Towles's husband. Mr. Yarbary believes that the beneficiary designation form was forged and that Martin Pringle and UNUM were aware of the forgery.

This is the second time Mr. Yarbary has appealed to this court based on the same underlying facts and allegations. In his first case, filed in 2012 in federal district court, Mr. Yarbary alleged that various managing and governing authorities of Martin Pringle and UNUM breached their fiduciary duties under ERISA, in violation of 18 U.S.C. §§ 1027 and 664.[1] In that case, we affirmed two final orders that the district court issued, which denied various motions and dismissed Mr. Yarbary's case for lack of subject-matter jurisdiction—specifically, on standing grounds—because Mr. Yarbary was not an ERISA beneficiary. *See*

---

[1]     Under 18 U.S.C. § 1027, any person who "makes any false statement or representation of fact, knowing it to be false, or knowingly conceals, covers up, or fails to disclose any [information required by title I of ERISA] . . . shall be fined under this title, or imprisoned not more than five years, or both." Section 664 similarly penalizes "[a]ny person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use" from an employee benefit plan governed by ERISA. 18 U.S.C. § 664.

*Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, LLP*, 584 F. App'x 918, 919 (10th Cir. 2014) (unpublished).

On June 4, 2015, Mr. Yarbary filed the instant case—his second action in federal district court—alleging the same facts and advancing the same legal theory as he did in his prior case. On August 11, 2015, a federal magistrate judge issued a report, recommending dismissal of Mr. Yarbary's claims for lack of subject-matter jurisdiction or, alternatively, as precluded under the doctrine of res judicata. Following the issuance of the magistrate judge's report, Mr. Yarbary filed an amended complaint, alleging that the defendants' conduct was fraudulent and included "deliberate false representation(s)." R. at 18 (Am. Compl., dated Aug. 13, 2015). Mr. Yarbary also filed an objection to the magistrate judge's report. The district court construed the objection as arguing that the court's decision in the prior case (i.e., the 2012 case) with respect to standing "was based on fraudulent representations by the defendants in [that] case." *Id.* at 35 (Mem. & Order, dated Aug. 25, 2015).

The district court concluded, however, that Mr. Yarbary had failed to raise the fraud argument in his appeal from the dismissal of his 2012 case, and that his amended complaint offered "no additional basis for standing under ERISA." *Id.* The court therefore dismissed Mr. Yarbary's second case for lack of subject-matter jurisdiction because he failed to establish standing. Mr. Yarbary subsequently filed a motion for relief from judgment under Federal Rule of Civil

Procedure 60(b), in which he made the same fraud argument presented in his objection to the magistrate judge's report.  The district court denied the motion as "rais[ing] no new grounds."  *Id.* at 51 (Order, dated Aug. 26, 2015).

Mr. Yarbary then filed a timely notice of appeal.

## II

"We review a dismissal for lack of jurisdiction de novo."  *Ecco Plains, LLC v. United States*, 728 F.3d 1190, 1195 n.9 (10th Cir. 2013).  In doing so, we "construe the allegations in the complaint, and any reasonable inferences to be drawn from them, in favor of Plaintiff[s]."  *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1189 (10th Cir. 2000) (alteration in original) (citation omitted).  We review the district court's ruling as to Rule 60(b) for abuse of discretion.  *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

Liberally construing Mr. Yarbary's pro se brief on appeal, we conclude that Mr. Yarbary failed to establish standing under ERISA; therefore, his claims were properly dismissed for lack of subject-matter jurisdiction.  "The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *accord Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011).  In the ERISA context, civil suits may only be filed "by a participant or beneficiary" of an ERISA plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the

plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1).

"Thus, only plaintiffs who are properly considered 'participants' or 'beneficiaries' have standing to sue under ERISA § 502(a)(1)"—ERISA's civil enforcement provision. *Chastain v. AT & T*, 558 F.3d 1177, 1181 (10th Cir. 2009); *accord Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1532 (10th Cir. 1993). "[S]tanding to sue under ERISA is assessed as of the time the complaint is filed." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1225 (10th Cir. 2011). It is beyond peradventure that Mr. Yarbary was not a participant or a beneficiary of Ms. Towles's policy at the time he filed his complaint. Therefore, he lacked standing under ERISA, and the district court correctly dismissed Mr. Yarbary's action for lack of subject-matter jurisdiction.

We endeavor to discern the substance of Mr. Yarbary's contrary arguments and address them below. Mr. Yarbary maintains that the district court's determination in the 2012 case that he lacked standing under ERISA was based on the defendants' fraudulent representations, and in the instant appeal, he argues that the district court erred in failing to consider his allegations of fraud. Mr. Yarbary says that the district court should have considered his fraud claim based on its "inherent power to correct frauds" under Fed. R. Civ. P. 60(d). Aplt. Br. at 4. In this regard, Rule 60(d) is a "savings clause," *United States v. Williams*, 790 F.3d 1059, 1072 (10th Cir. 2015), that, *inter alia*, provides that "[t]his rule does

not limit a court's power to: . . . (3) set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d).[2]  We reject Mr. Yarbary's argument.

At the outset, we observe that Mr. Yarbary did not invoke Rule 60(d) before the district court.  Accordingly, Mr. Yarbary is hardly on solid ground in faulting the court for not considering Rule 60(d).  Indeed, we would be well within the bounds of our discretion if we elected to treat this argument as forfeited in the district court and—given that Mr. Yarbary does not call for plain-error review—as effectively waived on appeal.  *See, e.g.*, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court.").

However, even if Mr. Yarbary had invoked Rule 60(d) before the district court, it would not have advanced his cause.  It is patent that allegations of fraud like those at issue here—whether brought under Rule 60(d) or some other vehicle—would not alter the standing calculus.  In this regard, we held in *Hansen* that "if we are to find ERISA standing at all, it may not be based on the notion

---

[2]      "A fraud-on-the-court claim may be brought either as an independent action preserved by the savings clause in Rule 60(d)(3), or as a claim under Rule 60(b)(3), which provides for relief from judgment based on 'fraud . . . , misrepresentation, or misconduct by an opposing party.'" *United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) (omission in original) (quoting Fed. R. Civ. P. 60(b)(3)); *see Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (noting that "courts have allowed parties to file a claim for fraud on the court under subsection (b)(3)").

that, but for the wrongful behavior of [defendants], [plaintiff] would have been a participant [or beneficiary] under the plan." *Hansen*, 641 F.3d at 1225; *see Chastain*, 558 F.3d at 1183 (noting that this court "has expressly rejected the doctrine of 'but for' standing" in ERISA cases); *accord Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1160–61 (10th Cir. 2004); *Raymond*, 983 F.2d at 1535. Therefore, based on our controlling precedent, Mr. Yarbary could not establish standing by pointing to alleged fraud by the defendants that ostensibly deprived him of his status as a "participant" in or "beneficiary" of Ms. Towles's life insurance policy. Accordingly, the district court did not err in dismissing his action for lack of jurisdiction.

Finally, we address Mr. Yarbary's challenge to the district court's denial of his motion for relief from judgment. We note that "[a] district court has substantial discretion to grant Rule 60(b) relief as justice requires." *Smith v. United States*, 561 F.3d 1090, 1097 n.8 (10th Cir. 2009). Of course, a "district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law." *Zurich N. Am.*, 426 F.3d at 1289. However, generally speaking, Rule 60(b) "relief is 'extraordinary and may only be granted in exceptional circumstances.'" *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (quoting *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998)). In this regard, Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument

merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *United Pac. Ins. Co.*, 152 F.3d at 1272 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

With these principles in mind, we conclude that the district court did not abuse its discretion in denying Mr. Yarbary's motion for relief from judgment. The district court correctly noted that Mr. Yarbary simply attempted to rehash his arguments; as a matter of law, that course of conduct was a dead end and could not avail him. Furthemore, we see no legal error in the district court's assessment of the merits of Mr. Yarbary's motion. Accordingly, we uphold the district court's exercise of discretion in denying Mr. Yarbary's motion for relief from judgment.

### III

For the foregoing reasons, we **AFFIRM** the orders of the district court dismissing Mr. Yarbary's claims for lack of subject-matter jurisdiction and denying his motion for relief from judgment.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge