**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY WHITE,

     Plaintiff - Appellant,

v.

JOHN HICKENLOOPER, Governor of
Colorado, official capacity; RICK
RAEMISCH, Exec. Director, CDOC,
official capacity; JOE MORALES, Chrmn.,
Colo Board of Parole, individual capacity;
ANTHONY DECESARO, CDOC Step III
Grievance Officer, individual capacity;
TERRY JACQUEZ, Warden, AVCF,
individual capacity; SHARON KNURR,
Case Manager, AVCF, individual capacity;
CYNTHIA COFFMAN, Colorado
Attorney General, official capacity,

     Defendants - Appellees.

No. 17-1449
(D.C. No. 1:17-CV-02095-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Larry White, a Colorado state prisoner proceeding pro se, appeals the district court's judgment dismissing his civil rights action without prejudice for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure, and its denial of White's motion for relief from judgment. Exercising jurisdiction under 28 U.S.C. § 1291, and liberally construing White's pro se filings without acting as his advocate, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we affirm.

## I. BACKGROUND

White filed a complaint against Colorado officials asserting three claims under 42 U.S.C. §§ 1983 and 1985. He sought a declaratory judgment, injunctive relief, and damages. Construing the complaint liberally, the district court found that it did not comply with the "short and plain" pleading requirements of Federal Rule of Civil Procedure 8(a). The court also informed White that most of his claims appeared barred by *Heck v. Humphrey*, 512 U.S. 477, 481–82 (1994), which bars § 1983 claims for damages "when establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." The court therefore ordered him to file an amended complaint. White did so, but the court found that the amended complaint fared no better than the original. Accordingly, the court dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Rule 8. The court also denied White's motion for relief from the judgment. White appeals.

## II. DISCUSSION

We review for abuse of discretion a district court's dismissal of an action under Rule 41(b) for failure to comply with Rule 8(a). *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). We agree with the district court that White did not comply with Rule 8. A complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Id.* at 1163. In its order that White file an amended complaint, the district court informed him of this requirement. Although the amended complaint raised three claims for relief, White did not explain what actions each of the defendants took or how their actions violated his constitutional rights.

For example, White alleged in claim one that defendants Morales and Knurr conspired to breach a plea bargain agreement he had reached in state court, apparently in 1975, by "using dismissed charges" and "derails of the dismissed charges" against him, "altering the conviction" and "enhancing the sentence." R., Vol. 1 at 70. This was apparently done during parole hearings and allegedly in retaliation for filing grievances. White added that the crime underlying his 1975 conviction was in fact not a crime in 1975. In claim two, he alleged that "defendants [Colorado Department of Corrections]/Parole board officials" abused state process; colluded and conspired to "re-convict and subject" him to "false-imprisonment"; "fraudulently perpetrate[d] false accusations . . . to defer and deny parole/re parole

3

release"; and "prosecuted [him] to a false conviction under the Colorado [sex offender laws]." *Id.* at 71. And his third claim provided in full:

> [A] Colorado Second Judicial Officer, City/County of Denver has conspired to deprive and . . . thwart [his] absolute fundamental right to procedural due process of the laws, under the color of state law, to the "Equality-of Justice" to a[n] equal protection right to an opportunity to Post Conviction redress to demonstrate Prima Facie Factual-grounds of a[n] illegal sentence that is in violation of the double jeopardy clauses and due process of the laws under the Federal/State Constitution.

*Id.* at 72.

Similarly, on appeal White does not address Rule 8 in a meaningful manner, but instead complains that the district court violated his due process rights by not construing his pro se pleadings liberally enough, and he accuses the district court of judicial misconduct by not requiring defendants to file an answer. We reject those arguments. Our review of the amended complaint reveals that no additional liberality within the scope of the solicitude courts are permitted to apply to pro se filings would have salvaged the complaint from noncompliance with Rule 8. We therefore conclude that the district court appropriately applied the rules governing pleading requirements and pro se filings.

Regarding his motion for relief from judgment, which the court construed as arising under Federal Rule of Civil Procedure 59(e), White contends only that the district court "wrongfully sandbagged [his] chance to present new evidence to support the veracity of [his claims.]" Aplt. Opening Br. at 3.a. Such conclusory argument falls short of what is required to invoke our review. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in

4

the opening brief are waived . . . .").  In any event, we see no abuse of the district court's discretion in denying his motion for relief from judgment.  *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (reviewing district court's denial of Rule 59(e) motion for abuse of discretion).

## III.  CONCLUSION

The district court's judgment and its order denying White's Rule 59(e) motion are affirmed.

***

On February 16, 2018, White filed a motion in this court seeking leave to proceed on appeal without prepayment of costs and fees.  The Clerk's office assessed the fee and directed White's custodian to make partial payments of the fee out of his prison account.  *See* 28 U.S.C. § 1915(b).  However, several weeks earlier, on January 25, 2018, White sent the full $505.00 appellate filing fee to this court.  We transferred that payment to the district court, where it was accepted on February 14, 2018.  Given that White clearly had the ability to prepay the full fee, we deny his IFP motion.  *See* § 1915(a)(1) (permitting courts to grant commencement of an appeal without prepayment of fess where a person shows he "is unable to pay such fees or give security therefor").  Further, we direct the Clerk to rescind the order assessing the fee and directing partial payments from his prison account, and we deny White's "Motion For Requite," in which he requests return of the full fee.

We also deny his "Motion To Rescind," in which he asks "this court to rescind all notions of the dismissal of the case and the inadverten[t] misapplication of the

law," Motion to Rescind at 4; and his "Motion to Supplement/Request to Appoint Assist-Counsel."

Entered for the Court


Allison H. Eid
Circuit Judge