**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN CHRISTIAN BURTON,

    Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondent - Appellee.

No. 20-5018
(D.C. No. 4:18-CV-00201-GKF-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Pro se state prisoner John Christian Burton requests a Certificate of Appealability

("COA") under 28 U.S.C. § 2253(c)(1)(A) and appeals the district court's order denying

his Rule 60(b) motion. We liberally review Burton's filings, *see Hall v. Bellmon*, 935

F.2d 1106, 1110 & n.3 (10th Cir. 1991), and for the following reasons deny Burton's

request for a COA and dismiss the appeal.

**I.**

Burton was convicted in Oklahoma state court of second-degree burglary after two

or more prior felony convictions and was sentenced to forty-two years in prison. Burton

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed his sentence to the Oklahoma Court of Criminal Appeals, which affirmed his conviction and sentence in September 2016. He did not seek state post-conviction relief.

On April 11, 2018, Burton filed a § 2254 petition in the district court. Respondent moved to dismiss the petition as time-barred, asserting the one-year filing period had expired on December 23, 2017. Burton responded that he was entitled to equitable tolling under the prison mailbox rule because he mailed his first petition to the court in August 2017.

Under the prison mailbox rule, a state prisoner's habeas petition "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005). But for the prison mailbox rule to apply, Burton needs to establish "the date on which he . . . gave the papers to be filed with the court to a prison official." *Id*. at 1165. He can make this showing by either:

> (1) alleging and proving that he . . . made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166. If an inmate is seeking to take advantage of the mailbox rule and his prison has a legal mail tracking system, the inmate must use that system. *Id*.

Here, after reviewing the outgoing legal mail logs from the North Fork Correctional Center ("NFCC"), the district court determined that the prison had an adequate legal mail system available in August 2017, but that the logs did not reflect any

2

outgoing legal mail from Burton during July, August, or September of that year. As a result, the court found that Burton failed to demonstrate he complied with the prison mailbox rule with respect to his mailing a habeas petition in August 2017. It dismissed his April 2018 petition as time-barred and denied a COA. Following appeal, this court denied Burton's application for a COA.

Burton then filed the underlying Rule 60(b) motion for relief from judgment. Rule 60(b) provides that a court may relieve a party from final judgment for reasons including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). When a party files a Rule 60(b) motion in a § 2254 habeas proceeding, the court must determine whether the motion is a "true" Rule 60(b) motion or a second or successive habeas petition. The motion is a "true" Rule 60(b) motion if it "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citations omitted). Even if the motion is a "true" motion, a district court should not grant relief under Rule 60(b) absent a showing of "extraordinary circumstances," which "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Burton's Rule 60(b) motion challenged the district court's ruling that his habeas petition was time-barred. It alleged the proceedings were defective because the court failed to properly consider evidence supporting Burton's eligibility for the prison mailbox

3

rule.  Specifically, Burton pointed to discrepancies in the prison's mail logs, including out-of-order entries and entries logged during hours the law library was closed, to show that the prison lacked an adequate legal mail system.  To further support this claim, Burton included a statement by the prison's mailroom officer that, "if an inmate puts legal mail inside the mailbox instead of going through the law library, it does not get logged in the legal log."  ROA at 144.  Burton argued this statement places the prison out of compliance with state policies that require "outgoing legal mail [be] entered in a mail log and identified as legal mail."  *Id*. at 163.  After attempting to establish the inadequacy of the legal mail system, Burton ostensibly sought to satisfy the alternative path to the prison mailbox rule by reiterating that he "placed his petition in the [non-legal] mail receptacle at the NFCC facility on August 28, 2017."  *Id*. at 156.

The district court found that Burton's motion was a "true" Rule 60(b) motion but determined there was no basis upon which to grant relief from judgment because Burton had not demonstrated any "exceptional circumstances" warranting relief under Rule 60(b).  *Id*. at 171, 173.  The court denied a COA in the same order.  Burton appeals[1] and simultaneously seeks a COA.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 applies to this proceeding.  28 U.S.C. § 2253(c)(1)(A).  Burton must be granted a COA before

---

[1] Burton initially failed to file a timely COA application and brief, and the appeal was dismissed for failure to prosecute under 10th Cir. R. 42.1.  Burton then filed a motion to reinstate the appeal under 10th Cir. R. 42.2 along with his COA application and brief.  This court reinstated the appeal in a February 12, 2021 order.

proceeding to the merits of his appeal. *See Spitznas*, 464 F.3d at 1217–18 ("If the district court correctly treated the motion (or any portion thereof) as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a [COA] before proceeding with his or her appeal."). Burton has filed a combined COA application and brief. Aplt. Br. at 1. Pursuant to 10th Cir. R. 22.1(B), Respondent did not file a brief.

A COA may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"We review the district court's denial of a Rule 60(b) motion for an abuse of discretion . . . keeping in mind that Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quotations and citations omitted). The district court did not abuse its discretion when it determined the prison legal mail system was adequate. As the court acknowledged, the discrepancies in the logs showed the system was imperfect. But they were not serious enough to render the system inadequate. Neither was the mailroom officer's statement that the prison logs mail only when mail is sent from the law library. Since the legal mail system was adequate, to benefit from the legal mailbox rule, Burton also had to demonstrate that he made timely use of it. *Price*, 420 F.3d at 1166. The district court did not abuse its discretion in concluding he failed to do so. "The fact

5

remains that petitioner placed his petition in the mail receptable at the NFCC . . . rather than taking it to the NFCC's law library to be logged as outgoing legal mail through the NFCC's established legal mailing system." ROA at 173 (quotations and citation omitted). Burton admits as much.

After having reviewed Burton's brief and the record on appeal, we conclude reasonable jurists would not debate whether the information about the mail logs justified relief under Rule 60(b) from the court's earlier decision denying Burton's § 2254 petition. Accordingly, we DENY Burton's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Allison H. Eid
Circuit Judge